"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LINDA WALKER,

          Plaintiff,

      v.

JO ANNE B. BARNHART,
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

          Defendant.

Case No. CV 04-9350 AN

MEMORANDUM AND ORDER

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the Magistrate Judge. Pursuant to the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding issues concerning remand and/or immediate payment of benefits ("JS").

## II. BACKGROUND

Plaintiff was born on January 28, 1959, and was 44 years old at the time of the administrative hearing. [Administrative Record ("AR") at 21, 25.] Plaintiff completed high school, but has no past relevant work experience. [AR at 21, 25, 27.]

1      Plaintiff filed an application for SSI on June 28, 2001. [AR at 20, 60-74.] Plaintiff
2  claims that she has been disabled since June 6, 2001, due to a right knee impairment and
3  hypertension.    [AR at 22.]    Plaintiff's application was denied at the initial and
4  reconsideration levels.  [AR at 32-35, 37-40.]  At Plaintiff's request, a hearing was held
5  before an Administrative Law Judge ("ALJ") on February 12, 2003, and continued to
6  June 14, 2003. [AR at 245-66.] On August 23, 2003, the ALJ issued a decision denying
7  Plaintiff's application for SSI.  [AR at 20-28.]  When the Appeals Council denied review,
8  the ALJ's decision became the final decision of the Commissioner. [AR at 5-7.] Plaintiff
9  then commenced this action for judicial review.

10
11                                **III.  DISCUSSION**
12  **A.    Standard of Review**
13      This Court must review the record as a whole and consider adverse as well as
14  supporting evidence.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The
15  Commissioner's final decision affirming an ALJ's decision that a claimant is not disabled
16  must be upheld if the ALJ's findings are supported by substantial evidence in the record
17  and the proper legal standards were applied.  *See Curry v. Sullivan*, 925 F.2d 1127, 1129
18  (9th Cir. 1990).  The harmless-error rule applies.  *Id.*  at 1131. "Substantial evidence
19  means more than a mere scintilla, but less than a preponderance." *Magallanes v. Bowen*,
20  881 F.2d 747, 750 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human*
21  *Services*, 846 F.2d 573, 576 (9th Cir. 1988).  It is further defined as "such relevant
22  evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *see*
23  *also*, *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed. 2d 842 (1971).
24  The ALJ is responsible for determining credibility, resolving conflicting testimony,
25  resolving ambiguities, and "is entitled to draw inferences 'logically flowing from the
26  evidence.'" *Andrews*, 53 F.3d at 1039; *Macri v. Chater*, 93 F.3d 540, 543-544 (9th Cir.
27  1996).  Consequently, inferences and conclusions as the ALJ may reasonably draw from
28  the evidence are upheld.  *See Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).

1   Likewise, an ALJ's findings are upheld where the evidence is susceptible of more than

2   one rational interpretation. *Andrews*, 53 F.3d at 1039-1040.

3          To collect DIB or SSI benefits, Plaintiff must suffer from a "disability." 42 U.S.C.

4   §§ 423(a)(1)(D); 1382(a). To be disabled within the meaning of the Act, a claimant must

5   suffer from a "medically determinable physical or mental impairment which can be

6   expected to result in death or which has lasted or can be expected to last for a continuous

7   period of not less than 12 months." 42 U.S.C. §§423(d)(1)(A); 1382c(a)(3)(A). The

8   impairment must be of "such severity that [the claimant] is not only unable to do [his or

9   her] previous work but cannot, considering [his or her] age, education, and work

10  experience, engage in any other kind of substantial gainful work which exists in the

11  national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B). The claimant has

12  the burden of showing that she or he is disabled.    42 U.S.C. §§ 423(d)(5);

13  1382c(a)(3)(H)(i); *Clem v. Sullivan*, 894 F.2d 328, 330 (9th Cir. 1990).

14  **B.    The Five-Step Sequential Analysis**

15         The Social Security Regulations use a five-step sequential analysis for making DIB

16  and SSI disability determinations. 20 C.F.R. §§ 404.1520, 416.920. The first step asks

17  whether the claimant is working. The second step asks whether the claimant has a

18  "severe" impairment, which is defined as an impairment which "significantly" -- more

19  than minimally -- limits an individual's ability to perform basic work activities. 20

20  C.F.R. §§ 404.1521, 416.921; *Bowen v. Yuckert*, 482 U.S. 137, 154, 107 S.Ct. 2287, 96

21  L.Ed.2d 119 (1987). However, this step two determination is "'a *de minimis* screening

22  device to dispose of groundless claims.'" *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th

23  Cir. 2001) (internal citations omitted). The third step asks whether the claimant has an

24  impairment which meets or equals the criteria of any impairment identified in the

25  appendix to the Social Security Regulations commonly referred to as the "Listings." *Id*.

26         The fourth and fifth steps require that the ALJ assess the claimant's residual

27  functional capacity ("RFC"). RFC is a determination of a claimant's remaining abilities

28  to perform work. 20 C.F.R. §§ 404.1545, 416.945(a). In determining a claimant's

1   physical limitations, the ALJ considers the claimant's ability to lift weight, sit-stand,

2   push-pull, etc. 20 C.F.R. §§ 404.1545(b), 416.945(b).  Mental, environmental and other

3   limitations such as the ability to see and  hear are also part of the RFC determination.  20

4   C.F.R. §§ 404.1545(c) and (d), 416.945(c) and (d).   A claimant's limitations are

5   categorized as either exertional or non-exertional; exertional limitations are those based

6   upon strength considerations alone. *Cooper v. Sullivan*, 880 F.2d 1152, 1156 (9th Cir.

7   1989).  Non-exertional limitations are unrelated to strength and include "mental, sensory,

8   postural, manipulative, and environmental limitations."  *Id*.  The exertional requirements

9   of work are classified as sedentary, light, medium, heavy and very heavy.  20 C.F.R. §§

10  404.1567, 416.967.

11         Once the RFC is determined, the fourth step asks whether the claimant can perform

12  his or her past relevant work; at this step the claimant also has the burden of proving he

13  or she is unable to perform past relevant work.

14         At the fifth step in the analysis, the burden shifts to the Commissioner to prove that

15  the claimant, based on his or her age, education, work experience, and residual functional

16  capacity, can perform other substantial and gainful work existing in the regional or

17  national economy.  20 C.F.R. §§ 404.1520, 416.920.  The Commissioner can satisfy this

18  fifth step burden by either (1) applying the Medical-Vocational Guidelines (the "Grids")

19  found at 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 200.00-204.00, or (2) taking the

20  testimony of a Vocational Expert ("VE").  *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th

21  Cir. 1988).  However, the Commissioner cannot rely upon the Grids and must use a VE

22  where the claimant's non-exertional limitations are 'sufficiently severe' so as to

23  significantly limit the claimant's ability to perform the full range of sedentary, light, or

24  medium work.  *Id*.

25         If the answer to any of the questions in the five-step analysis establishes the

26  claimant is or is not disabled, the evaluation ends.  20 C.F.R. §§ 404.1520(a), 416.920(a);

27  *see also Bowen v. Yuckert*, 482 U.S.  at 140.

28         In the decision denying benefits, the ALJ determined that Plaintiff had not engaged

Page 4

1  in substantial gainful activity since her alleged onset date. [AR at 27.] While the ALJ

2  found that Plaintiff suffers from the severe impairments of osteoarthritis of the right knee

3  and hypertension, the ALJ determined that Plaintiff's impairments did not meet or equal

4  one of the impairments in the Listings. [AR at 27.] In assessing RFC, the ALJ found that

5  Plaintiff was capable of lifting and carrying 10 pounds frequently and 20 pounds

6  occasionally, standing and walking four hours, and sitting six hours. [AR at 27.] The

7  ALJ further found that Plaintiff could not climb ladders or scaffolds and was precluded

8  from squatting and kneeling more than occasionally. [AR at 27.] Although Plaintiff did

9  not have any past relevant work, the ALJ determined that there were a significant number

10 of jobs in the economy that Plaintiff could perform, including work as a cashier and

11 assembler. [AR at 27.]

12 **C.    Analysis of Disputed Issues**

13     Plaintiff asserts that the ALJ erred by: (1) failing to properly evaluate Plaintiff's

14 pain syndrome and the side effects of medications; (2) failing to properly evaluate

15 Plaintiff's obesity; (3) failing to consider the combined impact of all of Plaintiff's

16 impairments; (4) failing to properly assess Plaintiff's RFC; (5) failing to pose a complete

17 hypothetical question to the VE; and (6) mechanically applying the Grids. The

18 Commissioner disagrees.

19        **1.    Plaintiff's Subjective Complaints**

20     Plaintiff contends that the ALJ erred by failing to properly evaluate her complaints

21 of chronic pain, exertional limitations, and side effects from her medications. [JS at 3-5.]

22 The Court agrees with Plaintiff.

23     When deciding whether to accept the subjective symptom testimony of a claimant,

24 the ALJ must perform a two-step analysis. In the first step, the claimant must produce

25 objective medical evidence of one or more impairments, and show that the impairment

26 or combination of impairments could reasonably be expected to produce some degree of

27 symptom. *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996)(citing *Cotton v.*

28 *Bowen*, 799 F.2d 1403 (9th Cir. 1986) (superseded by statute on unrelated grounds)).

The claimant is not required to produce objective medical evidence of the symptom itself, the severity of the symptom, or the causal relationship between the medically determinable impairment and the symptom. The claimant is also not required to show that the impairment could reasonably be expected to cause the severity of the symptom, but only to show that it could reasonably have caused some degree of the symptom. *Smolen*, 80 F.3d at 1282. In the second step of the analysis, the ALJ must assess the credibility of the claimant's testimony regarding the severity of her symptoms. If there is no affirmative evidence of malingering, the ALJ may reject the claimant's testimony only if the ALJ makes specific findings stating clear and convincing reasons for the rejection, including which testimony is not credible and what facts in the record lead to that conclusion. *Id.* at 1284.

Here, the ALJ accepted objective medical evidence that Plaintiff suffers from osteoarthritis of the right knee and hypertension. [AR 24.] Although the ALJ cited no evidence of malingering, she discounted Plaintiff's credibility. [AR 24-25.] The ALJ gave the following reasons to support the credibility determination: (1) the degree of medical treatment required; (2) discrepancies between Plaintiff's assertions and information contained in the documentary reports; (3) reports of the treating and examining practitioners; (4) findings made on examination; (5) Plaintiff's failure to lose weight; (6) Plaintiff's failure to take medication for three years; (7) Plaintiff's hypertension is well controlled with medication; and (8) Plaintiff's daily activities are inconsistent with her claims of disabling symptoms and limitations. [AR at 24-25.]

The ALJ's cited reasons do not meet the standard of *Smolen*, which require the ALJ to give clear and convincing reasons for rejecting Plaintiff's pain testimony regarding the severity of her pain or limitations. For example, the ALJ failed to cite facts or evidence in the record to support the first reason (degree of medical treatment required). *Smolen*, at 1284. "[A] reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain." *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991).

1    The second, third and fourth reasons (discrepancies between Plaintiff's assertions
2    and information in medical reports, reports of treating and examining practitioners, and
3    findings made on examination) imply an incorrect legal standard, namely that Plaintiff
4    is required to present objective evidence of the severity of her subjective symptoms.  A
5    claimant who is alleging excess pain and other subjective symptoms is not required to
6    produce objective medical evidence of the existence of the symptom or its severity, or of
7    the causal relationship between the impairment and the symptom; nor is the claimant
8    required to show that the impairment could reasonably be expected to cause the severity
9    of the symptom alleged.  *Smolen*, 80 F.3d at 1282.  On the contrary, the claimant is only
10   required to show that the impairment could reasonably have caused some degree of the
11   symptom.  *Id.*  Plaintiff has met this burden.  [AR at 24.]

12   The ALJ's fifth reason (failure to make a serious effort to control and reduce
13   weight) is also not a clear and convincing reason for rejecting Plaintiff's credibility.  The
14   Ninth Circuit has held that failing to lose weight is not akin to failure to follow a
15   prescribed treatment plan because weight loss is not like following a prescription or
16   taking a pill.  *Hammock v. Bowen*, 879 F.2d 498, 503-04 (9th Cir. 1989); *see also McCall*
17   *v. Bowen*, 846 F.2d 1317, 1319 (11th Cir. 1988) (obesity by itself does not mean the
18   claimant has refused treatment).

19   In support of the sixth reason (failure to take medication), the ALJ cites a medical
20   report dated February 23, 2001, indicating that Plaintiff had not taken blood pressure
21   medication for three years as a basis for discounting Plaintiff's subjective complaints
22   regarding the severity of her hypertension.  [AR at 108.]  However, as a ALJ's seventh
23   reason for discounting Plaintiff's subjective complaints, the ALJ somewhat inconsistency
24   finds the record shows the hypertension is controlled with medication.  However, while
25   the ALJ supports this conclusion by citing a few medical reports showing Plaintiff's
26   blood pressure in the normal range [AR at 24-25, 138, 152, 160, 180], the record also
27   contains numerous reports showing elevated blood pressure levels [AR at 151, 153, 160-
28   62, 174, 177].  Accordingly, the ALJ's reliance on the cited medical reports does not

1  accurately describe the medical evidence as a whole and does not justify rejection of

2  Plaintiff's subjective symptom testimony regarding the severity of her hypertension.

3       Finally, the ALJ found Plaintiff's report of her daily activities to be inconsistent

4  with her assertion that she was unable to work.  [AR at 25.]  Although Plaintiff reported

5  that she is able to care for her personal needs, go shopping, and perform household

6  chores, these limited activities do not suggest that she has the ability to perform and

7  complete tasks consistently, as required for employment. *See Gonzalez v. Sullivan*, 914

8  F.2d 1197, 1201 (9th Cir. 1990)(daily activities may not be relied upon to support an

9  adverse credibility determination unless the ALJ makes an explicit finding to the effect

10 that plaintiff's ability to perform those activities translated into the ability to perform

11 appropriate work activities on an ongoing and daily basis).  Accordingly, the ALJ's

12 credibility determination is not supported by substantial evidence.[1]

13

14                              **IV.  CONCLUSION**

15      For the reasons discussed above, the Court finds the ALJ's denial of Plaintiff's

16 claims for benefits is not free of legal error and supported by substantial evidence.

17 Accordingly, Plaintiff's request for an order remanding this case for further proceedings

18 pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's

19 request for an order affirming the Commissioner's final decision and dismissing the

20 / / /

21 / / /

22

23

24   [1]     Because the ALJ failed to give proper consideration to Plaintiff's subjective
     symptom testimony and the record is not sufficiently developed to support a
25   determination of disability without further proceedings, the Court will not decide whether
     the remaining issues raised by Plaintiff would independently require reversal. *See*
26   *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003)(where there are outstanding
     issues that must be resolved before a determination of disability can be made, and it is not
27   clear from the record that the ALJ would be required to find the claimant disabled if all
     the evidence were properly evaluated, remand is appropriate).  The Court recommends,
28   however, that the Commissioner consider all of Plaintiff's arguments when determining
     the merits of her case on remand.

action is DENIED.  The clerk shall enter judgment, close the file and terminate all pending motions.


DATED: June 27, 2006                    /s/ Arthur Nakazato
                                        ARTHUR NAKAZATO
                                        UNITED STATES MAGISTRATE JUDGE